# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert W. Gettleman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 01 C 4296 | DATE | Dec. 6, 2002 |
| CASE TITLE | B.E.L.T. v LaCrad International Corp., et al | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]

Memorandum opinion and order entered. Accordingly, defendant First Union's motion to dismiss counts XVII, XXVIII, and XXIX is granted.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| X | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | DEC 10 2002 | 220 |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | U.S. DISTRICT COURT | | |
| | Copy to judge/magistrate judge. | CLERK | | |
| GDS | courtroom deputy's initials | 02 DEC -9 AM 11:34 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

B.E.L.T., INC., EUROPEAN AMERICAN BANK, )
AMERICAN EQUIPMENT LEASING, THE CIT )
GROUP/EQUIPMENT FINANCING, INC., )
REGIONS BANK and WINTHROP RESOURCES, )
INC., )
)
Plaintiffs. )
) No. 01 C 4296
v. )
) Judge Robert W. Gettleman
LACRAD INTERNATIONAL CORPORATION, )
an Illinois corporation, RODNEY T.E. DIXON, )
DARCAL DIXON, GLENN E. MILLER, KIM W. )
MILLER, BETHEL COMMUNITY OUTREACH )
MINISTRIES, CHENISE WHITEHEAD, FIRST )
UNION NATIONAL BANK, FEED THE )
CHILDREN, INC., BISHOP LEO LEWIS, E.C. )
REEMS MINISTRIES, CHRISTIAN JEW )
FOUNDATION, KIMBERLY STRATTON/ )
JEHOVAH JIREH MUSIC, ALBERT )
DEGENOVA, TOTAL PERIPHERALS, INC., )
MICHAEL WHITFIELD, JAMES T. BORDEN, )
NU-CONCEPTS MARKETING, LIVINGSTONE )
ENTERPRISES, ROBERT SMALLWOOD, )
DANIEL WEATHERSPOON, BISHOP NORMAN )
WAGNER and MT. CALVARY PENTECOSTAL )
CHURCH, JIM JOHNSON and COMPAK )
CORPORATION, PACIFIC ATLANTIC )
LEASING, a/k/a El Camino, DELTA HARDMAN, )
JAMES FOSTER, TRICIA'S FASHIONS, UNICO )
DESIGNS, LTD., DIVINE ORDER and WILLIAM )
BLANK, )
)
Defendants. )

**DOCKETED**
**DEC 1 0 2002**

## MEMORANDUM OPINION AND ORDER

**(First Union National Bank's Motion to Dismiss)**



Plaintiffs filed an amendment to their fourth amended complaint, asserting the following three claims against defendant First Union National Bank ("First Union"): (1) fraudulent concealment (Count XVII); (2) fraudulent transfer under the Illinois Uniform Fraudulent Transfer Act, 740 ILCS 160/1 et seq. (Count XXVIII); and (3) unjust enrichment (Count XXIX). First Union has filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), which, for the reasons discussed below, is granted in its entirety.

## BACKGROUND

In 1997, First Union, a national bank, extended a credit line in excess of $2 million to Lacrad International Corp. ("Lacrad") and issued corporate credit cards to several Lacrad employees. Between 1998 and 2000, Lacrad and its employees accumulated more than $4 million of debt on these cards.

In mid-1999, plaintiffs allege that First Union realized that Lacrad had been fraudulently misusing the credit cards and subsequently suspended Lacrad's account. At that time, Lacrad's outstanding debt to First Union exceeded $2 million. Plaintiffs allege that First Union continued to accept Lacrad's payments toward the debt, even after learning that Lacrad funded these payments through fraud on other creditors.

In amendments to their fourth amended complaint, plaintiffs seek relief on the following grounds: (1) First Union's failure to notify the appropriate banking authorities of Lacrad's allegedly fraudulent scheme constitutes fraudulent concealment; (2) Lacrad's preference for First Union over its other creditors amounts to fraudulent conveyance; and (3) First Union was unjustly enriched as a result of Lacrad's payments.

2

# DISCUSSION

The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to rule on its merits. See Gibson v. City of Chicago, 910 F.2d 1510, 1520 (7th Cir. 1990). When considering the motion, the court accepts the allegations of the complaint as true and views the facts in the light most favorable to plaintiffs. Travel All Over the World, Inc. v. Kingdom of Saudi Arabia, 73 F.3d 1423, 1428 (7th Cir. 1996). The court applies these standards to Counts XVII, XXVIII, and XXIX below.

## Count XVII - Fraudulent Concealment

In order to prove that concealment amounts to a fraudulent misrepresentation under Illinois law, plaintiff must demonstrate that: (1) the defendant concealed a material fact; (2) the defendant intended to induce a false belief by the plaintiff, under circumstances creating a duty to disclose on the part of the defendant; (3) the plaintiff could not have discovered the truth through a reasonable inquiry or inspection, and relied upon the defendant's silence as a representation that a fact did not exist; (4) the concealed information was such that the plaintiff would have acted differently if it had been aware of the information; and (5) the plaintiff's reliance led to its injury. Lefebvre Intergraphics, Inc. v. Sanden Mach. Ltd., 946 F. Supp. 1358, 1367 (N.D.Ill. 1996) (citing Stewart v. Thrasher, 242 Ill. App. 3d. 10, 16 (4th Dist. 1993)).

Fraudulent concealment is a form of common law fraud. Hirsch v. Feuer, 299 Ill. App. 3d 1076, 1085 (1st Dist. 1998). Accordingly, the heightened pleading standards embodied in Fed. R. Civ. P. 9(b) apply. According to the Seventh Circuit, "this means the who, what, when, where, and how: the first paragraph of any newspaper story." DiLeo v. Ernst & Young, 901 F.2d 624, 627 (7th Cir. 1990).

3

Even assuming arguendo that First Union knew of Lacrad's alleged malfeasance, plaintiffs have not adequately alleged that First Union had a duty to disclose that information to them.[1] In their amendments to their fourth amended complaint, plaintiffs state, "As a national banking institution, First Union is required to notify banking authorities of any suspected fraudulent or suspicious activity by its customers." Plaintiffs allege that First Union's silence and failure to notify proper authorities, together with its acceptance of Lacrad's payments, makes First Union liable as a "fraudulent participant."

As First Union point outs, however, a defendant's duty to disclose in the first instance arises under only two circumstances: (1) when the defendant owes the plaintiff some fiduciary duty to make full and fair disclosure and fails to correct a misapprehension of fact; or (2) when the defendant's acts contribute to the plaintiff's misapprehension of a material fact and the defendant intentionally fails to correct plaintiff's misapprehension. Lefebvre, 946 F. Supp. at 1366.

Plaintiffs have not alleged that First Union owed them a fiduciary duty. Nor can plaintiffs colorably claim that First Union's silence contributed to their misapprehension of Lacrad's alleged fraud. Plaintiffs fail to cite to any authority, in either their complaint or their opposition to the instant motion, that suggests that First Union had a duty to contact "banking authorities" regarding its alleged knowledge of Lacrad's alleged malfeasance. Moreover, even if such a duty to notify banking authorities does exist, that duty would not translate into a duty to notify other creditors, such as plaintiffs. Thus, recognizing the obligation to draw all reasonable inferences in plaintiffs' favor

---

[1] In addition to failing to adequately allege that First Union owed a duty to them, plaintiffs also have not alleged that they could not have discovered the truth regarding Lacrad's allegedly fraudulent business practices through a reasonable inquiry or inspection.

4

with respect to the instant motion, as well as the requirements of Fed. R. Civ. P. 9(b), the court concludes that Count XVII must be dismissed.

### Count XXVIII - Fraudulent Conveyance

Count XXVIII, which asserts a fraudulent conveyance claim against First Union, also fails to state a claim. The Illinois Uniform Fraudulent Transfer Act (IUFTA), 740 ILCS 160/5, provides:

> (a) A transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation:
> (1) with actual intent to hinder, delay, or defraud any creditor of the debtor, or
> (2) without receiving a reasonably equivalent value in exchange for the transfer or obligation, and the debtor:
> (A) was engaged or about to engage in a business or transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction; or
> (B) intended to incur, or believed or reasonably should have believed that he would incur, debts beyond his ability to pay as they became due.

Plaintiffs allege in their complaint that "Lacrad's transfer of money to First Union was a preference." Even assuming that First Union knew that, (1) Lacrad was insolvent, and (2) First Union was preferred over Lacrad's other creditors, this would not be sufficient to prove fraudulent intent on the part of First Union. See In re Liquidation of MedCare HMO, Inc., 294 Ill. App. 3d 42, 53 (1st Dist. 1997) (distinguishing preference from fraudulent intent). In the absence of allegations that First Union was in any way colluding with Lacrad, Lacrad's alleged intent to hinder, delay or defraud its other creditors does not establish liability against First Union. See 37 AM. JUR. 2D Fraudulent Conveyances & Transfers §71 ("Knowledge on the part of the creditor receiving the preference that the debtor has acted with fraudulent intention is immaterial if the creditor has done nothing except to receive payment of his claim."). Plaintiffs have pled a fraud claim against Lacrad, not First Union. First Union's motion to dismiss Count XXVIII is granted.

### Count XXIX - Unjust Enrichment

To state a claim for unjust enrichment, plaintiff must adequately allege that, (1) defendant unjustly retained a benefit to the plaintiff's detriment, and (2) that the defendant's retention of that benefit violates fundamental principles of equity, justice, and good conscience. HPI Health Care Services, Inc. v. Mt. Vernon Hosp., 131 Ill.2d 145, 160 (1989). Having established that First Union did not violate a duty to plaintiffs, and in the absence of allegations of collusion regarding Lacrad's preference for First Union over plaintiffs, the court concludes that plaintiffs have failed to state a claim for unjust enrichment.

### CONCLUSION

For the reasons stated herein, First Union's motion to dismiss Counts XVII, XXVIII, and XXIX is granted.

**ENTER:** December 6, 2002

Robert W. Gettleman
United States District Judge

6